UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
New Albany Division

| | |
|---|---|
| REGINA R. MILLER,      )<br>    *Plaintiff*,      )<br>      )<br>  v.      )<br>      )<br>EQUIFAX INFORMATION SERVICES, LLC,   )<br>EXPERIAN INFORMATION SOLUTIONS, INC., )<br>and WELLS FARGO HOME MORTGAGE, INC., )<br>    *Defendants*.      ) | **Cause No. 4:17-CV-00167** |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1.      This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2.      The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.  Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

## PARTIES

3.  Plaintiff, Regina R. Miller (hereinafter "Miller"), is a natural person who resides in Milan, Indiana.

4.  Miller is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5.  Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau that conducts business in Indiana.

6.  Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau that conducts business in Indiana.

7.  Equifax and Experian regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, are each considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

8.  Wells Fargo Home Mortgage, Inc. (hereafter "Wells Fargo") regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about Miller's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

## JURISDICTION AND VENUE

9.  Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

10. Venue is proper in this Court because a substantial part of the claim arose in Indiana, Miller resides in Indiana and all Defendants "reside" in Indiana, as that term is used in 28 U.S.C.A. § 1391 (West).

## **FACTUAL ALLEGATIONS**

11. On or about January 14, 2011, Miller filed a Chapter 13 bankruptcy proceeding in the Southern District of Indiana, under Cause No. 11-90103-BHL-13.

12. Wells Fargo was listed on her Schedule D, showing a claim in the amount of $114,000.00. A copy of the aforementioned Schedule D is attached hereto as "Exhibit A."

13. However, pursuant to the terms of her Chapter 13 plan, Miller continued making timely payments towards her home mortgage directly to Wells-Fargo. A copy of the Chapter 13 Plan is attached hereto as "Exhibit B."

14. Miller met all requirements of her Chapter 13 bankruptcy and as a result, she received a discharge of her debts by Order dated May 5, 2016. A copy of the Order of Discharge is attached hereto as "Exhibit C."

15. Miller's obligation to Wells Fargo was not discharged.

16. Miller continues to make timely payments to Wells Fargo.

INACCURATE INFORMATION REPORTED BY EQUIFAX

17. Sometime around July of 2017, Miller obtained a copy of his consumer credit report as published by Equifax.

18. The report contained erroneous information as provided by Wells Fargo, published and reported by Equifax. Specifically, the Equifax credit report suggested that Miller's obligation to Wells Fargo was closed and/or had been discharged. Specifically, the tradeline failed to include any of her many timely payments to Wells Fargo both during and after her bankruptcy. Further, the tradeline reflected a "Balance Amount" of $0, an "Actual Payment Amount" of $0, and a "Scheduled Payment Amount" of $0.

19. In a letter dated August 22, 2016, Miller disputed the inaccurate and misleading information to Equifax and advised Equifax of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached hereto as "Exhibit D."

20. Upon information and belief, Equifax timely notified Wells Fargo of Miller's dispute in accordance with 15 U.S.C.A. § 1681i (West).

21. In response, within a document dated July 7, 2017, Equifax advised Miller that it had researched his dispute and the current status was being reported correctly. Equifax provided a copy of the tradeline as reported that reproduced the errors described above and in Miller's dispute letter. A copy of the Equifax reinvestigation report is attached hereto as "Exhibit E."

22. Equifax was required to communicate the specifics of Miller's dispute to Wells Fargo. Likewise, Wells Fargo had a duty to investigate the dispute and accurately report their findings to Equifax.

23. Equifax had an affirmative duty to reasonably reinvestigate the dispute submitted by Miller and to accurately report the tradeline information notwithstanding the information it received from Wells Fargo.

INACCURATE INFORMATION REPORTED BY EXPERIAN

24. Also around July of 2017, Miller obtained a copy of her credit report as published by Experian.

25. That report also contained erroneous information as provided by Wells Fargo. Specifically, the Experian credit report suggested that Miller's obligation to Wells Fargo was closed and/or had been discharged. Specifically, the tradeline failed to include any of her many timely payments to Wells Fargo both during and after her bankruptcy. Further, the tradeline reflected a

"Balance Amount" of $0, an "Actual Payment Amount" of $0, and a "Scheduled Payment Amount" of $0.

26. Because Miller's debt to Wells Fargo was not discharged and because she has been making timely payments towards the obligation included in and paid via the bankruptcy proceedings, the information described above was inaccurate and misleading.

27. In a letter dated July 7, 2017, Miller disputed the inaccurate and misleading information to Experian and advised Experian of the specific facts that rendered the reporting inaccurate and misleading.  A copy of the dispute letter is attached as "Exhibit F."

28. Upon information and belief, Experian timely notified Wells Fargo of Miller's dispute in accordance with 15 U.S.C.A. § 1681i.

29. In response, within a document dated July 31, 2017, Experian advised Miller that it had researched her dispute and the current status was being reported correctly.  However, Experian merely provided a copy of the tradeline (as reported) that reproduced the errors described above and as identified by Miller in her original dispute letter.  A copy of the Experian reinvestigation report is attached as "Exhibit G."

30. Experian was required to communicate the specifics of Miller's dispute to Wells Fargo.  Likewise, Wells Fargo had a duty to investigate the dispute and accurately report their findings to Experian.

31. Experian had an affirmative duty to reasonably reinvestigate the dispute submitted by Miller and to accurately report the tradeline information notwithstanding the information it received from Wells Fargo.

INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS

32. Equifax and Experian are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

33. Equifax and Experian independently and jointly, breached their duties as described above.

34. Due to Equifax's and TransUnion's respective failures to conduct reasonable reinvestigations of Miller's dispute, the indication on Miller's credit reports that Miller's debt owed to Wells Fargo, was not discharged and that she continues to make timely payments towards the obligation, was not appropriately deleted or modified.

35. By inaccurately reporting debt information after receiving notice of its errors, Equifax, Experian, and Wells Fargo failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

36. As a result of Defendants' willful actions and omissions, Miller is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

## TRIAL BY JURY

37. Miller is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNTS I & II: VIOLATION OF THE FCRA
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

38. Miller incorporates by reference all preceding paragraphs as though fully stated herein.

39. Equifax willfully and/or negligently violated 15 U.S.C.A. §1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Miller's consumer reports.

40. Equifax also willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Miller's dispute and by failing to appropriately delete or modify inaccurate information in Miller's file.

41. As a result of Equifax's violation of 15 U.S.C.A. § 1681e(b) and 15 U.S.C.A. §1681i Miller has suffered actual damages including the payment of increased costs of credit and insurance, certain out-of-pocket expenses, loss of time addressing these issues, and emotional distress. Miller is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

42. Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C.A § 1681o.

43. Miller is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNTS III & IV: VIOLATIONS OF THE FCRA
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

44. Miller incorporates by reference all preceding paragraphs as though fully stated herein.

45. Experian willfully and/or negligently violated 15 U.S.C.A. §1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Miller's consumer reports.

46. Experian willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Miller's dispute and by failing to appropriately delete or modify inaccurate information in Miller's file.

47. As a result of Experian's violations of 15 U.S.C.A. § 1681e(b), Miller has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

48. Experian's independent actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

49. Miller is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT V: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681s-2(b)]

50. Miller incorporates by reference all preceding paragraphs as though fully stated herein.

51. Wells Fargo willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Miller's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

52. As a result of Wells Fargo's violations of 15 U.S.C.A. § 1681s-2(b), Miller has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

53. Wells Fargo's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

54. Miller is entitled to recover costs and attorney's fees from Wells Fargo pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Miller respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, IN 46060
Telephone: (317) 219-4746
tcohron@bhclegal.com
*Attorney for Plaintiff*